UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALTON S. EDWARDS,

Plaintiff,

v.

LONGVIEW FIBRE COMPANY, KEVIN SCHERE, DEAN PENNY, JANA SANDERS, DARLA PETERSON, TEAMSTER UNION LOCAL 970, GEORGE BEHR, and DAN FORTIER,

Defendants.

Civil No. 00-993 (RHK/JMM)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed, in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff will not be granted IFP status at this time because of serious deficiencies in his present Complaint. However, Plaintiff will be given an opportunity to file an Amended Complaint, and if he does so within the time allowed by this order, his IFP application will be reconsidered.

IFP status will not be granted where the plaintiff has filed a Complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP Complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in

FILED APR 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK ________

In this case, Plaintiff's self-styled Complaint indicates that he is seeking relief under Title VII of the Civil Rights Act of 1964, (for alleged racial discrimination), and under the Age Discrimination in Employment Act, (for alleged age discrimination). It appears that Plaintiff is attempting to sue his former employer, his union, and six individual Defendants. Although Plaintiff has identified the six individual Defendants only by name, his Complaint shows that four of them have the same address as his employer, and two of them have the same address as the union. That information suggests that the six individual Defendants probably were co-workers and/or union representatives at the time of the alleged discrimination against Plaintiff. The Complaint alleges that the six individuals "acted in a concerted manner to deprive the Plaintiff of his employment in an unconstitutional manner." No other substantive factual allegations are set forth in the Complaint.

The Court finds that Plaintiff's Complaint is deficient because it does not describe the specific wrongful acts or omissions on which Plaintiff's claims are based. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added). Even with the liberal construction that is required in pro se cases (Atkinson, 91 F.3d. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the instant Complaint fails to state any claim on which relief may be granted because it does

---

law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the Complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

not include any factual allegations of any kind. Furthermore, Plaintiff's claims against the six individual defendants are not actionable, because only employers and unions can be sued under the federal employment discrimination statutes on which Plaintiff's claims are purportedly based. See e.g., Sheridan v. E.I. Dupont de Nemours & Co., Inc., 100 F.3d 1061, 1077 (3rd Cir. 1996), cert. denied, 521 U.S. 1129 (1997) ("Congress did not intend to hold individual employees liable under Title VII").

Because of the defects found in Plaintiff's current Complaint, his IFP application cannot be granted at this time, and the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff may file an Amended Complaint if he believes that he can plead sufficient factual allegations to support an actionable claim.

If Plaintiff elects to file an Amended Complaint, he must submit an entirely new pleading identified as "Amended Complaint." Any such Amended Complaint must be a complete and adequate pleading by itself; it should not be merely a supplemental addition to the original Complaint. Needless to say, any Amended Complaint must provide a more comprehensive explanation of the factual and legal grounds on which Plaintiff's claims are based. Plaintiff must explain the underlying facts of his case in separate numbered paragraphs, as prescribed by Fed. R. Civ. P. 10(b). Finally, Plaintiff may not attempt to sue any individuals under federal employment discrimination laws.

If Plaintiff elects to amend his pleading, he must file an Amended Complaint within twenty (20) days after the date of this Order. If he does so, the Court will then reconsider his IFP application, and determine whether that application should be granted on the basis of the Amended Complaint. If Plaintiff does not file an Amended Complaint

within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), will not be granted at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint within twenty (20) days after the date of this Order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: April 24, 2000

JOHN M. MASON
United States Magistrate Judge