UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALTON S. EDWARDS,

Plaintiff,

v.

LONGVIEW FIBRE CO. and
LOCAL #970 TEAMSTER UNION,

Defendants.

CIVIL NO. 00-993 (RHK/JMM)

ORDER

The above matter came on before the undersigned upon Plaintiff's Motion for an Extension of Time [Docket No. 21]. The Motion was submitted on the written pleadings.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for an Extension of Time [Docket No. 21] is granted in part. A Separate Amended Pretrial Scheduling Order will issue. The Motion is denied in all other respects.

2. No later than April 15, 2001, Plaintiff shall pay to the Clerk of Court the sum of $25 as a sanction for his failure to comply with the Rules of this Court.

Dated: March 13, 2001

JOHN M. MASON
United States Magistrate Judge

FILED MAR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

MEMORANDUM

On February 5, 2001, this Court issued a Pretrial Scheduling Order setting dates as requested by the Parties. On February 20, 2001, Plaintiff submitted a Motion which appears to request that all dates in the Pretrial Scheduling Order be extended for a period of 60 days. We have granted the extension of time as prayed for by Plaintiff as to the taking of non-expert discovery, and have also extended the time for the presentation of expert discovery. We have retained the date for completion of all discovery. It is correct, as Plaintiff notes, that the schedule which the parties proposed was an ambitious schedule. However, if Plaintiff were in doubt about his ability to proceed in accordance with that schedule, it would have been expected that he would not propose it in the first place.

The Motion was not submitted as required by the Local Rules of this Court: No extra copies were provided, and no proposed Order was submitted. We have imposed a modest sanction as a reminder to the Parties that they must comply in all respects with the Rules of this Court, and all Orders issued by this Court, and as additional encouragement to Plaintiff to retain legal counsel to insure that he does not inadvertently lose rights. A party should not be held to a higher standard, or lose rights merely because he chooses to represent himself. At the same time, however, he may not gain advantage by reason of his standing as a pro se litigant. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983).

J.M.M.