UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALTON EDWARDS,

CIVIL NO. 00-993 (RHK/JMM)

Plaintiff,

v.

ORDER

LONGVIEW FIBRE CO. and
TEAMSTERS LOCAL # 970,

Defendants.

The above matter came on for hearing before the undersigned on July 18, 2001 upon Plaintiff's Motions to Compel Discovery [Docket No. 35].[1] Plaintiff appeared pro se; Bernard Bobber, Esq. appeared on behalf of Defendant Longview Fibre; James Hansing, Esq. appeared on behalf of Defendant Teamsters Local # 970.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery [Docket No. 35] is denied for the reasons set forth in the following Memorandum.

Dated: July 24, 2001

JOHN M. MASON
United States Magistrate Judge

---

[1] Plaintiff's Motion to Conduct Discovery after August 1, 2001 [Docket No. 42]; and Defendant Longview Fibre's Motion to Compel Discovery and for an Award of Costs, Expenses and Fees [Docket Nos. 36 and 40] were also heard on July 18, 2001 and were addressed in an Order of this Court dated July 18, 2001.

FILED JUL 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

# MEMORANDUM

## I. Information Prior to Plaintiff's July 15, 1999 Hire Date: Interrogatories 8, 16 and 18 and Document Requests 1-6 and 9-10.

Broadly summarized, Plaintiff's Interrogatories numbered 8, 16, and 18, and Document Requests numbered 1-6 and 9-10 seek information about the hiring and firing practices of Defendant over the past ten years or longer with respect to the race and age of its employees. In responding to Plaintiff's discovery requests, Defendant complied with Plaintiff's requests insofar as they relate to practices after his July 15, 1999 hire date, but objected to requests for any information prior to Plaintiff's hire date as irrelevant and overly burdensome because Plaintiff has not alleged a pattern or practice of discrimination, but rather, an individual claim of discrimination. Plaintiff seeks to compel Defendant Longview Fibre to provide information prior to Plaintiff's July 15, 1999 hire date.

Plaintiff's requests are overly broad and place an undue burden on Defendant Longview Fibre. Plaintiff's Interrogatories request information dating back indefinitely. Interrogatory 8 asks: "Have you ever [fired an employee for not having completed his ninety day probationary period] before?" Interrogatory 16 asks: "since [Ms. Sander's has] been employed by this company, how many Blacks have been employed in the office?" Interrogatory 18 asks: "How many individuals have been punished twice for the same offence [sic]?" Plaintiff's Document Requests seek information going back ten years. The indefinite form in which these requests are made causes the burden of production to exceed the value in providing the discovery.

We are also not persuaded that information dating ten or more years has any substantive bearing upon the issues in the litigation. To be admissible, the evidence of

past discrimination against other employees must assist in the development of a reasonable inference of discrimination within the context of the instant case. See Callanan v. Runyun, 75 F.3d 1293, 1298 (8th Cir. 1996). Thus, discovery of information regarding Defendant's past hiring and firing practices must be limited to practices affecting similarly situated employees to plaintiff and, in addition, must be reasonable in time and geographical scope. See Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997)("discovery, in the Title VII context, must be limited to the practices at issue in the case and, where an individualized claim of disparate treatment is alleged, the discovery of information concerning other employees should be limited to employees who are similarly situated to the Plaintiff").

Events that took place ten or more years ago, in divisions of Defendant's company at which Plaintiff never worked, and regarding employees who are not similarly situated to Plaintiff are too far removed from the alleged individual claim of discrimination to create a reasonable inference of discrimination within the context of this case. See e.g., Onwuka, 178 F.R.D. at 518 (limiting discovery of employer's disciplinary practices regarding other employees to the three years prior to plaintiff's termination); Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997)(limiting a plaintiff's request for information about employer's past reductions in workforce to the division in which plaintiff worked, stating "[c]ompany-wide statistics are usually not helpful in establishing pretext in an employment-discrimination case, because those who make employment decisions vary across divisions").

It is conceivable that some evidence of past discrimination against other employees could have a bearing on the litigation, but the discovery request is overbroad

and burdensome in the form in which it is presented to the Court. Among other things, discovery must comply with the requirements specified in Rule 26(g)(2) concerning burdensomeness. When a dispute arises between parties on this subject, the parties are expected to meet and confer pursuant to the provisions of Local Rule 37.1, to attempt to narrow the discovery sufficiently to permit the inquiring party to obtain the desired information, while avoiding creating undue burden. After the parties have exhausted these efforts, they may present the matter to the Court.

When a Motion seeking discovery is presented, it is the duty of the parties to present their dispute in terms which reflect the conclusion of their efforts at resolving the dispute. The task of the Court is then to sustain the position of one party or the other, not to make its own effort at revising the discovery request. The moving party is required to submit a proposed Order. This Proposed Order is significant, because if it is the desire of the party seeking discovery to narrow its requests, it may make that fact known in the informal conference under Local Rule 37.1, and confirm it in writing with its written Motion. The responding party also is to provide a proposed Order. That Proposed Order may also reflect the extent to which the party is willing to provide the discovery. In this case, the Motion is presented without a proposed Order reflecting any willingness to narrow the scope of the requests. Since the discovery as phrased is overbroad, the objections to the discovery are sustained, and the Motion is denied.

**II. Information from Parties Not Named in the Complaint: Interrogatories 1-18.**

Defendant objected to Interrogatories 1 through 18 on the grounds that they are directed at individuals not named in Plaintiff's Complaint: Kevin Scherer, see

Interrogatories 1-4, 18; Darla Peterson, see Interrogatories 5-7; Dean Penney, see Interrogatories 8-10; Mr. Hardy, see Interrogatory 13; Mr. Behr, see Interrogatories 14-15; and to Messrs. Behr, Scherer, Poff, Hardy, Castonquay and Penney and Ms. Sanders and Peterson, Interrogatory 17.[2] Plaintiff directed his questions as specific individuals under the employ of Defendant Longview Fibre, and in some cases, Co-Defendant Teamsters Local, requesting that those specific individuals answer the Interrogatory. The following example is generally illustrative of all 18 Interrogatories:

> Interrogatory No. 1: To Mr. Scherer: Why did you circumvent the chain of command in disciplining the plaintiff on December 7, 1999? Does not the labor agreement require that the employee's immediate supervisor take the initial action in any disciplinary situation?

Subject to its objection, Defendant Longview Fibre provided Plaintiff with responses to Plaintiff's Interrogatories without claiming to speak on behalf of the individuals. For example, in response to Interrogatory No. 1, Defendant wrote: "[t]he labor contract does not require that the employee's immediate supervisor take the initial action in a disciplinary situation. A disciplinary procedure is not the same as a grievance procedure. . . .Mr. Scherer did not improperly circumvent anything, but got involved in the investigation and discipline decision because of the seriousness of Plaintiff's misconduct." With his Motion, Plaintiff seeks to compel individuals not named in the Complaint to respond to his Interrogatories.

---

[2] There is no dispute over Interrogatories 11, 12 and 16. Plaintiff concedes that Interrogatories 11 and 16 were answered fully even though they were directed at individuals not named in the Complaint, Mr. Poff and Ms. Sanders. Plaintiff also concedes that Interrogatory 12 was "framed wrong," but does not attempt to ameliorate the error.

The Interrogatory device is designed for use in obtaining discovery from a party to a lawsuit. The governing Rule provides for the service of interrogatories only upon "any other party." See Fed. R. Civ. P. 33. It does not provide for service of interrogatories on individuals who are not named in a Complaint.

In his initial Complaint, Plaintiff did name some of these individuals as parties. See Docket No. 1, Complaint (naming Kevin Schere, Dean Penney, Jana Sanders, Darla Peterson, George Behr and Dan Fortier as Defendants). As grounds for his Motion to Compel, Plaintiff contends that since he initially named these individuals as parties, he should be allowed to serve Interrogatories upon them as if they were parties to the instant lawsuit. He writes: Defendant's objection "does not past [sic] judicial muster, prior to Plaintiff filing his Amended Complaint, he did in his original Complaint attempt to file suit against the individuals employed by Longview Fibre Co. and Teamster Local #970 as well as the two principals. The Court rejected this Complaint on the basis that only the principals in a lawsuit could be sued." Docket No. 35, Plaintiff's Memo. p. 2.

The fact that Plaintiff initially named these individuals in his Complaint does not now enable him to serve interrogatories upon them. They are not parties to this lawsuit and, as such, Plaintiff may not compel them to respond to Interrogatories. There is an alternate discovery device, Depositions Upon Written Questions, which may be used in some circumstances to take the testimony of a person who is not a party to a lawsuit. See Fed. R. Civ. P. 31. However, Plaintiff did not use this device in his attempt to obtain information from the individuals named in his Interrogatories. His Motion to Compel non-parties to respond to Interrogatories is denied.

**III. Privileged Information: Document Request 8.**

Defendant Longview Fibre objected on the grounds of the attorney-client privilege and work product doctrine to only one of Plaintiff's discovery requests, Document Request No. 8 which requests as follows:

> Document Request No. 8: All documents generated by any representative of Longview Fibre, Teamster Local 970 and any other party not named in regards to the plaintiff's hiring, term of employment, and termination. This also includes any communications between the company's plant in Fridley and the company's corporate headquarters in Washington State.

Despite its objection, Defendant produced 377 pages of documents from the company, withholding the privileged and protected information. This court has not been made aware of the existence of a privileged log detailing the documents withheld. However, Defendant described the privileged material as "letters, e-mails and documents prepared by defense counsel with respect to this litigation." See Defendant Longview Fibre's Response to Motion to Compel, p. 9.

It is not entirely clear from Plaintiff's moving papers that he in fact seeks the information claimed as privileged. Document Request 8 broadly requests documentation regarding his hiring, firing and term of employment. But by crafting such a broadly worded request for "all documents generated by any representative," Plaintiff included in that request information that falls into the privileged category. However, it appears from his submissions to the Court that Plaintiff does not seek information prepared with respect to this litigation, but in actuality, seeks documentation of the management decision to terminate his employment. He states: "The Defendant is claiming an attorney-client priviledge [sic] for what is wholly a management decision. . . Defendant Longview Fibre's

representative, Kevin Scherer may have consulted on the company's attorneys prior his making the decision to terminate the Plaintiff . . . But at any rate, the hiring and firing decision is a jealously guarded management prerogative that no manager would cede to a staff attorney." Docket No. 35, Plaintiff's Motion to Compel, p. 2. Based on Plaintiff's statements with respect to the material he seeks, it appears to this Court that Plaintiff does not seek to compel production of any documentation involving attorneys, but only documentation of management decisions which did not involve attorneys. Based on Defendant Longview Fibre's representation to the Court that the information it withheld consists of "letters, e-mails and documents prepared by defense counsel with respect to this litigation," it appears the information which Plaintiff seeks has already been turned over.

If in fact Plaintiff is seeking to compel information claimed as privileged, his Motion is denied since he has not established with any particularity what information he seeks and why it should not be protected by the attorney client privilege or work product doctrine.

## IV. Supplementation of Initial Disclosures

Plaintiff further asserts that Defendant should have supplemented its initial disclosures with the information that Kevin Scherer, Plant Manager during the relevant time period, is no longer employed at Longview Fibre Company. No circumstances have arisen that require Defendant Longview Fibre to supplement its initial disclosures under Rule 26(a)(1). Federal Rule of Civil Procedure 26(e) sets forth the standard for when disclosures under Rule 26(a) must be supplemented. A party is under a duty to supplement "if the party learns that in some material respect the information disclosed is

disclosures under Rule 26(a) must be supplemented. A party is under a duty to supplement "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known." Fed. R. Civ. P. 26(e). The fact that Mr. Scherer is no longer an employee does not materially alter the information provided by Defendant or hinder Plaintiff's efforts to locate Mr. Scherer to obtain information. Under these circumstances, Defendant was not obligated to supplement its initial disclosure.

J.M.M.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500