UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALTON S. EDWARDS,

Plaintiff,

v.

LONGVIEW FIBRE CO. and
LOCAL #970 TEAMSTER UNION,

Defendants.

CIVIL NO. 00-993 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on September 25, 2001 upon Defendants' Motion to Dismiss with Prejudice [Docket Nos. 46, 53]. Bernard J. Bobber, Esq. appeared on behalf of Defendant Longview Fibre Co.; James Theodore Hansing, Esq. appeared on behalf of Defendant Local #970 Teamster Union. There was no appearance on behalf of Plaintiff.

The matter is before the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Upon the following Findings of Fact/Report, it is recommended that Defendants' Motion to Dismiss with Prejudice [Docket Nos. 46, 53] be granted.

**FINDINGS OF FACT/REPORT**

Plaintiff began this case by filing a Complaint [Docket No. 1] on April 18, 2000. In connection with Plaintiff's application to proceed *in forma pauperis*, the Court found that Plaintiff's original Complaint contained "serious deficiencies." [Docket No. 3]. Plaintiff was given the opportunity to file an Amended Complaint, which he did. [Docket No. 8].

FILED OCT 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court issued a Pretrial Scheduling Order [Docket No. 20] on February 6, 2001, which required that disclosures under Rule 26(a)(1) be filed by March 1, 2001. Plaintiff sought, and was granted, additional time to obtain an attorney. [Docket Nos. 21, 25].[1] Plaintiff has never provided the pre-discovery disclosures required by Rule 26(a)(1) as set forth in the Pretrial Scheduling Order.

Plaintiff also failed to provide responses to several of Defendants' discovery requests. Rather than answering or objecting to the requests, Plaintiff filed a Motion for a Protective Order. [Docket No. 28]. In our Order denying Plaintiff's Motion, the Court commented that the discovery sought by Defendants was of the type to be expected in cases of the kind brought by Plaintiff. [Docket No. 32]. Plaintiff then made a Motion for Reconsideration of our Order, in violation of Local Rule 7.1(g). [Docket Nos. 33, 34].

On June 22, 2001, Defendant Longview Fibre moved to compel discovery responses from Plaintiff. [Docket No. 36]. The Court granted Defendant's Motion, and ordered Plaintiff to deliver full and complete responses to certain of Defendant's Interrogatories and Document Requests no later than July 27, 2001. [Docket No. 44]. The Court further ordered Plaintiff to pay a sanction to Defendant in the amount of $500.00, no later than August 15, 2001. [Docket No. 44]. To date, Plaintiff has not complied with the the Court's Order. He has neither provided appropriate discovery responses nor paid the sanction as ordered. Plaintiff did not submit any response to Defendants' Motion to Dismiss, nor did he appear at the hearing to contest the Motion.

---

[1] In connection with this Motion, the Court imposed a modest ($25) sanction against Plaintiff for failure to follow the Local Rules of this Court. No attorney ever made an appearance on behalf of Plaintiff.

## Discussion

Defendants move the Court for dismissal of Plaintiff's case with prejudice pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Rule 37(b)(2) states:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
>
> . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court." Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001)(citation omitted). The sanction of dismissal should be

applied sparingly, because the opportunity to be heard is a litigant's most precious right. Martin, 251 F.3d at 694. However, dismissal is appropriate in a case where a party has engaged in discovery abuse that was in bad faith, intentional or wilful. Sanders v. Merry-Go-Round Enterprises, Inc., 1993 WL 23597 at *2 (D. Minn. Jan. 29, 1993)(citing Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992)).

In Sanders, the plaintiffs failed to respond to the defendant's interrogatories and document requests, the defendant's written request for a discovery conference, and the defendant's motion to dismiss. 1993 WL 23597 at *1. The Court found these actions by the plaintiff sufficiently egregious to warrant dismissal of the action. Id. at *2. The Court concluded that the plaintiffs' failure to respond to discovery requests, abide by the Court's rules, or offer any reason why their case should not be dismissed justified the sanction of dismissal. Id.

Plaintiff has displayed a similar disregard for the Orders and Rules of the Court in this case. He has failed to respond to discovery requests and follow the Court's Pretrial Scheduling Order. For example, Plaintiff has refused to describe factual knowledge supporting his claim, or name persons who have that knowledge. He also refused to provide information about his subsequent employment, requested by Defendants to gauge steps taken to mitigate the over $1,000,000 in damages sought in the Complaint. He has willfully disobeyed the Court's Order that he provide discovery responses, and has failed to pay the sanction imposed by the Court. Plaintiff has not offered any opposition to Defendants' Motion to Dismiss, nor any explanation as to why he has not complied with the Court's Orders. While dismissal with prejudice is a harsh sanction, Plaintiff's behavior makes that sanction appropriate in this instance. See Ford

v. City of Cape Girardeau, 1994 WL 263204 (8th Cir. June 16, 1994)(dismissal with prejudice appropriate where plaintiff failed to respond to discovery requests, did not respond to court's order compelling discovery, and offered no explanation for these failures).

We recognize that Plaintiff is proceeding without counsel. However, "[p]ro se litigants are not excused from complying with court orders." Meints v. Dewitt, 1995 WL 590428 at *1 (8th Cir. Oct. 6, 1995)(upholding dismissal pursuant to Rule 37(b)(2)(C) against pro se litigant)(quoting Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988)). Plaintiff has refused to provide basic information about his case in response to Defendants' discovery requests. He has failed to comply with the Court's Orders regarding pretrial disclosures, discovery responses, and sanctions. Under these circumstances, dismissal of his claims with prejudice is appropriate.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss with Prejudice [Docket Nos. 46, 53] be granted, pursuant to the provisions of Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Dated: October 16, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **October 31, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **October 31, 2001**.