UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALTON S. EDWARDS,

Plaintiff,

v.

LONGVIEW FIBRE CO. and
LOCAL #970 TEAMSTER UNION,

Defendants.

CIVIL NO. 00-993 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on January 7, 2002 upon Defendants' Motion to Dismiss [Docket Nos. 46, 53] and the Court's Order to Show Cause why the Motion to Dismiss should not be granted [Docket No. 61]. Plaintiff appeared *pro se*; Richard Beens, Esq. and James Hansing, Esq. appeared on behalf of Defendants. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendants' Motion to Dismiss [Docket Nos. 46, 53] be granted, and that the Amended Complaint be dismissed with prejudice.

**FINDINGS OF FACT/REPORT**

Defendants' Motion to Dismiss came on for hearing before the Court for the first time on September 25, 2001. Defendants appeared at that hearing through counsel. Plaintiff did not appear, nor did he submit any written opposition to the Motion. We then recommended that the District Court grant the Motion to Dismiss with prejudice. [Docket No. 55].

FILED JAN 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Plaintiff filed untimely[1] Objections to our Report and Recommendation, in which he asserted that he had not received notice of the hearing. The District Court remanded the case to this Court to "determine the issue of whether Plaintiff received the disputed notice and/or resolve the Motion to Dismiss on whatever bases [it] deems appropriate." [Docket No. 60]. In accordance with the District Court's Order, we issued an Order to Show Cause directing Plaintiff to appear and show cause why Defendants' Motion to Dismiss should not be granted, and to hear evidence on the question of whether Plaintiff received notice of the first hearing. [Docket No. 61].

## I. SERVICE OF THE MOTION TO DISMISS

At the hearing, Plaintiff reiterated his contention that he did not receive notice of the first hearing on Defendants' Motion to Dismiss. The Certificates of Service filed by Defendants along with their Motion establish that the Motion papers were sent to the correct address - a post office box in Minneapolis - but with the wrong zip code. Despite this error, it appears that the papers were delivered to Plaintiff, because they were never returned to Defendants.

In the absence of strong evidence to support either party's position, we take at face value Plaintiff's assertion that he did not receive notice of the first hearing. Upon remand, we consider the substantive question of whether Plaintiff has shown any reason why the Motion to Dismiss should not be granted on the merits.

## II. DISMISSAL WITH PREJUDICE IS REQUIRED

Plaintiff has presented no evidence to contradict the findings made in our first Report and Recommendation regarding his failures to comply with the Orders and rules

---

1 The deadline for filing objections was October 31, 2001. Plaintiff filed his Objections on November 1, 2001.

of this Court. Plaintiff has still not provided the pre-discovery disclosures required by Rule 26(a)(1). He has not provided discovery responses as he was ordered to do by the Court in response to a Motion to Compel by Defendants. He has not paid the sanction of $500 imposed against him, nor offered any evidence to suggest that he is unable to pay it. He has not appealed from any of the Orders requiring that he provide discovery and pay sanctions.

Plaintiff continues to refuse to produce any factual support for his claim. He has wilfully refused to respond to the most routine discovery requests from Defendants, and the Orders of this Court which require him to do so. He has not offered any legitimate explanation for his failure to comply with this Court's Orders. Our analysis of Defendants' Motion to dismiss is unchanged; the Amended Complaint should be dismissed with prejudice. See Ford v. City of Cape Girardeau, 1994 WL 263204 (8th Cir. June 16, 1994)(dismissal with prejudice appropriate where plaintiff failed to respond to discovery requests, did not respond to court's order compelling discovery, and offered no explanation for these failures).

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendants' Motion to Dismiss [Docket Nos. 46, 53] be granted, and that the Amended Complaint be dismissed with prejudice.

Dated: January 14, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or

before **January 30, 2002** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **January 30, 2002**.