UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Alton S. Edwards,

Plaintiff,

v.

Longview Fibre Co., and
Local # 970 Teamster Union,

Defendants.

Civil No. 00-993(RHK/JMM)

**ORDER**

This matter is before the Court pursuant to Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 72.) For the reasons discussed below, Plaintiff's IFP application will be DENIED.[1]

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that he or she is indigent and cannot pay the full filing fee. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). Even if a litigant is found to be indigent, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

In this case, Plaintiff's IFP application shows that he is currently employed, and that the amount of his "take-home salary or wages" is $380 per week. (IFP Application, § 2.a.) His IFP

[1] Plaintiff also applied for IFP status when he commenced the present action at the district court level, but that application was not granted because his original complaint was found to be deficient. (See Order dated April 24, 2000; [Docket No. 3].) Shortly thereafter, Plaintiff abandoned his request for IFP status and paid the full $150 district court filing fee. Because Plaintiff was never granted IFP status at the district court level, he is not presumptively entitled to IFP status on appeal pursuant to Fed. R. App. P. 24(a)(3).

FILED MAR - 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

application indicates that he has no dependents, and it does not appear that he has any other unusual financial obligations that would prevent him from using the income from his employment to pay the filing fee for his appeal. Although Plaintiff represents that he just recently started working at his current job, that alone would not explain why he cannot pay the filing fee from his current wages.

Thus, based on the information provided in Plaintiff's IFP application, the Court is unable to conclude that he is financially eligible for IFP status. He has not adequately explained why he cannot pay the $105 filing fee for his appeal from his current income; nor has he identified any other costs of appeal that he cannot afford to bear. Plaintiff's application for leave to proceed IFP on appeal will therefore be denied.[2]

The Court will also take this opportunity to note for the record that, contrary to the notation appearing in the Court's dismissal order of January 31, 2002, (Docket No. 69), Plaintiff did file timely objections to the Magistrate Judge's Report and Recommendation calling for dismissal. Although those objections were received in the Clerk's Office before the dismissal order was signed, they were not formally docketed until after the order was signed. As a result, the Court was not aware of the objections when the dismissal order was signed.

If no appeal had been filed in this matter, the Court presently would be inclined to vacate the order and judgment of dismissal, and conduct a de novo review of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2). However, the filing of Plaintiff's notice of appeal appears to have divested this Court of jurisdiction in this matter, thereby precluding the Court from formally addressing Plaintiff's objections at this time. Given

---

[2] Having determined that Plaintiff is not financially eligible for IFP status, the issue of whether his appeal is taken in good faith will not be reached.

these circumstances, the Court of Appeals may find it appropriate to decide, preliminarily, whether it is necessary to remand this case for review of Plaintiff's objections to the R&R, or whether Plaintiff's appeal can be satisfactorily addressed and adjudicated without the need for such a remand.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 72), is DENIED.

Dated: March 8, 2002

RICHARD H. KYLE
United States District Court Judge